**Norman FLICK, Plaintiff–Appellant,**

v.

**Hector M. GONZALES, et al.,
Defendants–Appellees.**

No. 12–1909.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 2012.*

Decided Aug. 20, 2012.

Norman Flick, Indianapolis, IN, pro se.

Craig D. Doyle, Kurt V. Laker, Attorney, Doyle Legal Corporation, P.C., Alexander P. Will, Attorney, Office of The Corporation Counsel, Joel S. Paul, Attorney, Aaron E. Haith, Attorney, Choate & Haith, Indianapolis, IN, for Defendants–Appellees.

Janet D. Hocker, Indianapolis, IN, pro se.

William Richards, Indianapolis, IN, pro se.

Richard N. Boe, Indianapolis, IN, pro se.

Before RICHARD D. CUDAHY, Circuit Judge, MICHAEL S. KANNE, Circuit Judge and DIANE S. SYKES, Circuit Judge.

---

* After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the

## ORDER

Norman Flick appeals the district court's dismissal of his second amended complaint brought under 42 U.S.C. § 1983, in which he alleged that 24 defendants (among them attorneys, judges, detectives, business people, and a state prosecutor) colluded to steal his property. First the court dismissed the complaint against two Indiana state court judges on the alternative grounds of judicial immunity and failure to comply with the statute of limitations. Later the court dismissed the complaint against the remaining defendants for failure to comply with federal notice-pleading standards, see FED.R.CIV.P. 8(a).

On appeal Flick does not develop any legal argument challenging the dismissal of his action, and asserts only generally that "[R]ule 8 has been sufficiently plead" under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). We construe pro se filings liberally, but even a pro se brief must contain more than a general assertion of error. *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir.2001). A brief must contain "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R.APP. P. 28(a)(9).

DISMISSED.